# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RUTH FLUMERFELT, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | No. 4:04CV1633 HEA |
| | ) | |
| JOHN DAVIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on defendants Freeman, Quinn, Rollins, Saracino, Slay and Mokwa's Motion to Dismiss Plaintiffs' First Amended Complaint, [# 29]. Plaintiffs oppose the motion and defendants have filed a reply to the opposition. For the reasons set forth below, the Motion to Dismiss these defendants is granted.

### Facts and Background

Plaintiffs First Amended Complaint alleges the following facts relative to the instant motion:

On July 19, 2004, plaintiff Faly Howard was an invited guest at the home of plaintiff Ruth Flumerfelt, when he was approached, accosted and assaulted by several police officers. Plaintiffs further allege that the officers illegally searched Howard without probable cause with the purpose of harassing and humiliating him.

When plaintiff asked why he was being detained, he was allegedly told to "shut up, to drop to his knees on the ground, and to grab the gate before him with his hands outreached[.]" The First Amended Complaint also alleges that when the officers cornered plaintiff Howard, they made racial and derogatory remarks to him. Plaintiffs contend these actions are in violation of 42 U.S.C. § 1983 and Missouri state law, and that the Board of Police Commissioners is responsible for the promulgation and implementation of police policies and procedures and practices in and for the City of St. Louis, Missouri and that at all times relevant to the Complaint, it was responsible for the actions of its employees, agencies and agents in the maintaining of its policies and procedures.

There are no allegations anywhere in the First Amended Complaint regarding the individual board members or Chief Joseph Mokwa. These defendants now move to dismiss the action against them based on Eleventh Amendment immunity.

## Discussion

When considering a motion to dismiss whether on the grounds of lack of subject matter jurisdiction under Rule 12(b)(1) or for failure to state a claim under Rule 12(b)(6), the Court must take the material allegations of the complaint as true and liberally construe the complaint in plaintiff's favor. *Rucci v. City of Pacific*, 327 F.3d 651 652 (8th Cir. 2003); *Young v. City of St. Charles*, 244 F.3d 623, 627

(8th Cir. 2001); *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994); *Scheuer v. Rhodes,*, 416 U.S. 232 (1974).

Defendants argue that this action should be dismissed because it is barred as to them by the Eleventh Amendment.[1]  Absent consent to be sued or Congressional abrogation, the Eleventh Amendment bars federal court actions against a state or its agencies. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63 (1989); *Pennhurst State School & Hosp. V. Halderman*, 465 U.S. 89, 100-01 (1984). The bar applies whether plaintiff is seeking damages or injunctive relief. *Pennhurst*, 465 U.S. at 100-01. Section 1983 does not abrogate the Eleventh Amendment immunity of states and their agencies. *Murphy v. State of Ark,*. 127 F.3d 750, 754 (8th Cir. 1997).

The named defendants urge dismissal because this suit is a suit against them in their official capacity and they are therefore entitled to Eleventh Amendment immunity. The Eleventh Amendment does indeed bar actions against state officials in their <u>official</u> capacity when the "state is the real substantial party in interest. *Pennhurst*, 465 U.S. at 100-02.

---

[1] The Eleventh Amendment provides:
The judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State.

Plaintiffs do not specify in their pre-motion pleadings whether this action is brought against the board members and Mokwa in their official capacity or in their individual capacity. In response to the motion to dismiss, however, plaintiffs state that the action is brought against these defendants in their "official capacities," but argue that they "do not enjoy 11th Amendment or qualified/good faith immunity." Plaintiffs argue further that the individual board members, in their official capacities cannot escape liability where their actions were not made in good faith or clearly violated constitutional rights. Plaintiffs cite no authority regarding their opposition to the application of Eleventh Amendment immunity to these defendants.

The Eleventh Amendment does not bar damage claims against state officials acting in their personal capacities. However, "absent a clear statement that officials are being sued in their personal capacities, 'we interpret the complaint as including only official-capacity claims.' *Egerdahl v. Hibbing Comm. College,* 72 F.3d 615, 619 (8th Cir.1995)." *Murphy,* 127 F.3d at 754. Thus, where a complaint is silent as to the capacity in which the defendant is sued, the Court must interpret the complaint as containing only official-capacity claims. *Egerdahl,* 72 F.3d at 619-20. Because the complaint must be construed as brought against the individual Board Members and Chief Mokwa in their official capacity, and plaintiffs specifically agree in their opposition to the motion that the suit is one against the Board and

Mokwa in their official capacities, the real party in interest is the State of Missouri. This Court therefore lacks subject matter jurisdiction based on the sovereign immunity provided by the Eleventh Amendment.

Accordingly,

IT IS HEREBY ORDERED that defendant's Motion to Dismiss, [# 29], is granted, and defendants Freeman, Quinn, Rollins, Saracino, Slay and Mokwa are dismissed from this action.

Dated this 5th day of July, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE